UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AUBREE EBERSOLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )   Case No. 1:11cv25 SNLJ |
| | ) |
| NOVO NORDISK, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff filed this lawsuit against her former employer Novo Nordisk, Inc. ("Novo") and her supervisor Murty Sitarama alleging violations of the Family and Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA").  Count I is for violations of the FMLA, and Counts II and III are for violations of the ADA.  All three counts are against both defendants Novo and Sitarama.  Defendant Sitarama filed a Motion to Dismiss the two ADA counts against him on August 23, 2011 (#9) pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the ADA does not permit suits against individuals.[1]  Defendant Sitarama also seeks an award of reasonable costs and attorneys' fees incurred in preparing and filing this motion.  Plaintiff has responded, and this matter is now ripe for disposition.

**I.     Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their

---

[1] Defendant Sitarama does not seek to dismiss Count I.  Indeed, the Eighth Circuit has recognized that the FLMA provides for individual liability in keeping with the plain language of the statute, which states that an "employer" is defined as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer [.]" 29 U.S.C. § 2611(4)(A)(ii)(I). *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002).

legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the  nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

**II.   Discussion**

Plaintiff was employed by Novo from 2007 to 2009, and defendant Sitarama was her supervisor. Plaintiff's plaintiff's Counts II and III purport to impose personal liability on defendant Sitarama for alleged ADA violations. The ADA imposes liability on "employers," which "means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person...." 42 U.S.C. § 12111(5) (2009). Defendant Sitarama seeks dismissal of the ADA claims against him because he contends that definition does not include individuals. Plaintiff advocates a "plain language" reading of the statute, which she says includes a "person."

Plaintiff correctly states that the Eighth Circuit has not specifically ruled on whether individual liability exists under the ADA. However, in *Alsbrook v. City of Maumelle*, the Eighth Circuit held that Title II of the ADA does not permit individual liability, and that Court then observed that, with respect to Title I (the Title at issue here), "three [Circuits] have held that there

2

is no liability under Title I against individuals who do not otherwise qualify as 'employers' under the statutory definition." 184 F.3d 999, 1005 n.8 (8th Cir. 1999).  Moreover, this Court has repeatedly held that individuals are not liable under the ADA. *See, e.g.*, *McCann v. New World Pasta Co.*, No. 4:10cv1694-CDP, 2010 WL 4180717 (E.D. Mo., Oct. 20, 2010); *Donnelly v. St. John's Mercy Medical Center*, No. 4:08cv347-CAS, 2008 WL 2699859 (E.D. Mo. June 30, 2008); *Stevenson v. Best Buy Corp.*, No. 4:03cv1188-RWS, 2005 WL 3434770 (E.D. Mo. Dec. 14, 2005).  Those decisions have been based on the fact that the ADA's definition of "employer" is practically identical to the definition of "employer" in two other federal statutes that address discrimination: the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b), and Title VII, 42 U.S.C. § 2000e(b).  It is well-settled in the Eighth Circuit that individuals are not subject to individual liability under Title VII of the Civil Rights Act of 1964, and longstanding precedent in this Court also holds that individuals are not liable under the ADEA. *See McCann*, 2010 WL 4180717, at *2 (citing *Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir.1999) (Title VII); *Herrero v. St. Louis Univ. Hosp.*, 929 F.Supp. 1260, 1266 (E.D. Mo.1996) (Title VII and ADEA); *Griswold v. New Madrid County Group Practice, Inc.*, 920 F.Supp. 1046, 1047-48 (E.D. Mo.1996) (Title VII and ADEA).

      Plaintiff's argument is therefore without merit, and Counts II and III will be dismissed against defendant Murty Sitarama.  Plaintiff's statement that there is no "binding precedent from the 8th Circuit" regarding whether an individual may be liable under the ADA may be technically true — because *Alsbrook*'s statement may be considered dictum — but her suggestion that the Eighth Circuit may "buck the trend" on this legal issue requires a stretch of the imagination. Although this Court has discretion to impose sanctions for certain nonmeritorious filings under Federal Rule of Civil Procedure 11(c), particularly where counsel — as here — "was repeatedly

3

advised that her client's case lacked merit," *Davis v. MCI Comms. Servs.*, 421 F. Supp. 2d 1178, 1187 (E.D. Mo. 2006), the Court declines to do so here.[2]

Accordingly,

**IT IS HEREBY ORDERED** that defendant Murty Sitarama's Motion to Dismiss Counts II and III, filed August 23, 2011 (#9), is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Counts II and III of plaintiff's complaint are **DISMISSED** as to defendant Murty Sitarama.

Dated this  8th  day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Court also observes that, as a technical matter, Federal Rule of Civil Procedure 11(c)(2) requires that a "motion for sanctions must be made separately from any other motion." A separate motion was not filed here.